### CLAUDE NICKENS V. THE STATE.

No. 18811. Delivered December 9, 1936.
Rehearing Denied January 13, 1937.

The opinion states the case.

*Price & Moss,* of Post, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is burglary; the punishment, confinement in the penitentiary for two years.

The place of business of J. C. May was burglarized on the night of December 15, 1935, and jewelry and other property taken therefrom. The entry into the building was made by breaking a plate glass window. Mr. May testified that after the burglary he observed some blood near the broken window. The night watchman testified that on the night of the burglary he saw a man walking away from Mr. May's store. On the same night officers arrested appellant at the home of Mrs. Audrey Bates, which was near the store of May. Appellant was in possession of some of the property that had been taken from Mr. May's store. There was blood on appellant's hands and clothing.

Testifying in his own behalf, appellant neither admitted nor denied that he committed the burglary. He said he had a venereal disease and on the day of the burglary a physician had injected some medicine in his arm. He did not know what kind of medicine it was. The treatment caused him great pain and he drank about a quart of whisky to secure relief. He testified, in part: "The only reason I can give the jury for not remembering anything that happened is that I was just so drunk that I didn't know anything." Again, he testified: "I didn't know anything because they gave me so much of that dope and whisky both I was plumb crazy. All of that taken together, together with my gonorrhea, caused me to be mentally incompetent for that time."

In the charge the court gave appellant the benefit of Art. 36, P. C., which reads as follows:

"Neither intoxication nor temporary insanity of mind produced by the voluntary recent use of ardent spirits shall constitute any excuse for the commission of crime. Evidence of temporary insanity produced by such use of ardent spirits may be introduced by the defendant in mitigation of the penalty attached to the offense for which he is being tried. When temporary insanity is relied upon as a defense and the evidence tends to show that such insanity was brought about by the immoderate use of intoxicating liquor, the judge shall charge the jury in accordance with the provisions of this article."

Appellant excepted to the charge for its failure to instruct the jury to acquit him if they believed that he was temporarily insane as a result of the combined use of drugs and whisky. We think the exception was not well taken. There is no testimony in the record to the effect that the medicine appellant used as a treatment for gonorrhea was calculated to render him temporarily insane. He testified that he did not know the nature of the medicine. Again, his testimony in its entirety shows that the condition he described resulted from the recent use of whisky.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his motion for rehearing appellant insists that we erred in not holding it reversibly erroneous for the trial court not to give a charge telling the jury that they should acquit the accused if they believed him to have been laboring under a condition of mind produced by the use of intoxicating liquor coupled with some drug,—and that the effect of such use put him in such mental condition as that he did not know it was wrong to commit burglary,—or did not know what he was doing when he committed the burglary, if he did. In said motion appellant cites a number of cases, claiming them to afford support for his contention.

We have examined each of the cases, but do not think any of them upon facts identical or similar to those before us in the instant case. In all of said cases there was testimony sub-

stantially raising the issue of temporary insanity resulting from the use of morphine, coupled with whisky or some other narcotic or drug, the effect of which, when used with whisky, might be to produce temporary insanity.

In the case before us we have no such facts. No witness save appellant himself testified to any fact indicating a condition of temporary insanity on the part of appellant.

The record makes it plain that appellant was with a man named Richey during most of the day preceding the night of the alleged burglary. Appellant said he went with Richey to Lubbock where he was treated by Dr. Dunn for gonorrhea. While in Lubbock, and after the treatment mentioned, he bought a quart of whisky. He and Richey then went to Tahoka, and from Tahoka back to Post, which latter place appellant said they reached about seven o'clock in the evening. Appellant said he drank most of the quart of whisky referred to. He also said that the treatment given him by the doctor caused him pain, and that he got the quart of whisky to ease the pain and give him strength. He also testified that after he got back to Post he got another pint of whisky, most of which he drank prior to the time of the alleged burglary. He claimed to have been treated by five doctors during the year preceding the burglary, the treatment being for gonorrhea.

None of the doctors mentioned were produced as witnesses. Appellant testified that after he came back to Post and got the last pint of whisky, most of which he drank,—that he went up to his sister's. Neither the sister nor any other person whom he might have seen at her house was produced as a witness. Appellant gave quite a clear detailed statement of his movements during the day and up to the time of the alleged burglary, which he said, during his direct examination, he could not remember because he was too drunk to know what he was doing. In fact, looking to his testimony, we observe that he twice told his attorney, during his direct examination, that he could not remember anything that occurred on the night of the burglary because he was too drunk to know anything. After having repeated this fact, when he was brought back to the proposition the third time he said the whisky and the dope put him in such condition as that he was mentally incompetent. The officers who arrested him said that they saw nothing about him to indicate that he was crazy, but that he appeared to be very drunk. In this condition of the record we are not constrained to believe it reversible error for the court to have failed or refused to instruct the jury to acquit

upon any theory based on temporary insanity because of the use of intoxicating liquor coupled with some other drug, medicine or narcotic. Courts are only required to submit theories of cases when same are supported by some testimony of sufficient cogence and substance to make it appear, at least with some degree of likelihood, that there could be a finding by the jury in response to such suggested issue.

The facts in this case show that appellant broke a show window and removed from inside of same a quantity of goods which he had in his possession at the time he was arrested. While able to give a coherent and plausible explanation of his movements during the day, he claimed he could not remember burglarizing the store. When the record shows a comparatively easy opportunity for him to have produced some witness, if he could have done so, to support a theory which his own testimony so strongly tends to negative, we would not feel inclined to reverse the case for the failure of the trial court to submit such theory.

The motion for rehearing is overruled.

*Overruled.*